

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Shelburne H. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. 0-2677
Re: Article 11371 of the Penal
Code of Texas.

Your communication of August 22, 1940, requests
a legal opinion from this Department construing Article
11371 of the Penal Code in certain particulars.

Section 1 of this Act, which was enacted by the
44th Legislature as Senate Bill 462, provides as follows:

"Section 1. No goods, wares, or merchand-
ize, manufactured wholly or in part by convicts
or prisoners, except convicts or prisoners on
parole or probation, shall be sold in this State
to any person, firm, association or corporation,
except that nothing in this Section shall be con-
strued to forbid the sale of such goods produced
in the prison institutions of this State to the
State, or any political division thereof, or to
any public institution owned or managed and con-
trolled by the State, or any political division
thereof." (Emphasis ours)

The caption or title of this Act, which is Chapter
85 of the General and Special Laws of the 44th Legislature
(p. 207) (1935), reads:

"An Act providing that it shall be unlawful
for any person, firm or corporation to sell or to
offer for sale, within the State of Texas, any goods
wares and/or merchandise, manufactured out of the
State of Texas, wholly or in part, by convicts or
prisoners in penal and/or reformatory institutions

Honorable Shelburne H. Glover, Page 2

except convicts or prisoners on parole or proba-
tion, providing exemptions, and providing penal-
ties; and declaring an emergency." (Emphasis ours.)

Section 3, the emergency clause, states:

"The fact that prison made goods, wares, and/or
merchandise manufactured out of the State of Texas,
are now being offered for sale within the State of
Texas and that there is no law to prohibit their
sale creates an emergency and an imperative public
necessity that the Constitutional Rule requiring that
bills be read on three several days in each House be
suspended and that this Act take effect and be in
force from and after its passage, and it is so en-
acted."

An examination of the caption and the body of this
Act in the light of Section 35, Article III, of the Constitu-
tion of Texas, compels us to the conclusion that this law is
invalid, wherefore, an opinion construing its provisions would
serve no useful purpose.

Section 35, Article III, of the Constitution of
Texas provides:

"No bill . . . shall contain more than one sub-
ject, which shall be expressed in its title. But if
any subject shall be embraced in an Act, which shall
not be expressed in the title, such Act shall be void
only as to so much thereof as shall not be so expressed."

The purpose of this constitutional requirement was
early recognized and described by the Supreme Court of Texas,
speaking through Mr. Justice Gaines, in the case of Adams &
Wickes v. Water Company, 86 Tex. 485, 25 S. W. 605, wherein it
was said:

"The inquiry is not what the Legislature in-
tended to embrace in the title, but what, by the terms
employed, it did in fact embrace.

"The purpose of the constitutional requirement
is to give notice through the title of the bill, not
only to members of the Legislature, but to the citi-

Honorable Shelburne N. Glover, Page 3

zens at large, of the subject-matter of the projected law, and thereby to prevent the surreptitious passage of a law upon one subject under the guise of a title which expresses another . . ."

In Ward Cattle & Pasture Co. v. Carpenter, 200 S. W. 521, the Supreme Court again declared:

"The purpose of the constitutional provision in respect to the title of legislative Acts is well understood. It is that by means of the title the legislator may be reasonably apprised of the scope of the bill so that surprise and fraud in legislation may be prevented." (Emphasis ours).

The Court of Criminal Appeals of Texas has announced the same principles in many cases illustrated by De Silvia v. State, 229 S. W. 542, and Ex parte Heartstill, 38 S. W. (2d) 803.

In the first mentioned case the court said, through Judge Morrow:

"One object of the constitutional provision mentioned is 'to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire.' Cooley's Constitutional Limitations (7th Ed.) p. 205 . . .

"The courts, in construing the provisions in connection with legislative acts, have, throughout the history of the state, been liberal toward the validity of the Act. Notwithstanding this practice, they recognized that the provision of the Constitution is mandatory and that, when viewing the Act in the light of the liberal policy mentioned, if it cannot be fairly said that the caption is not misleading, the law or the part of the law which is variant from the title of the Act must give way . . . ."

In the second case mentioned, the court said, through Judge Lattimore:

Honorable Shelburne H. Glover, Page 4

"All laws passed by the Legislature of this
State originate in bills, upon each of which must
appear a caption or title, and Section 35, Article
III, of our Constitution forbids that any bill,
with certain exceptions, shall contain more than
one subject, which shall be expressed in its title.
It has been held by the court that when the express
verbiage of such title limits and restricts the pur-
pose of the bill, any attempt to legislate otherwise
in such bill, variant from the purpose prescribed, is
in excess of the legislative power, and that a law
subject to this complaint is unconstitutional."

A study of the caption and body of Senate Bill 462
(Article 11371) reveals that the caption or title describes
the Act as one making it unlawful to sell within the State of
Texas any goods, wares, and/or merchandise manufactured out
of the State of Texas by convicts; whereas, Section 1 of the
Act undertakes to make such a sale unlawful if manufactured
by convicts whether in or out of the State of Texas. The ex-
ception appearing in Section 1 of the Act demonstrates beyond
peradventure that it applies to goods manufactured by convicts
in Texas, which is not expressed in the caption.

Clearly, therefore, the provisions in the body of
the Act are broader than those in the title, and the differ-
ence is one of great materiality. Obvious, too, is the fact
that the title in its restriction of the prohibition to goods
manufactured by convicts out of the State of Texas, as com-
pared with the lack of this restriction in the body of the
bill, is calculated to mislead the legislator or any citizen
interested in such legislation. The title or caption of the
Act does not disclose or intimate that the sale of goods man-
ufactured by convicts in Texas is to be made unlawful.

The rule applicable to such a situation is stated
as follows in Sutherland On Statutory Construction (1st Ed.),
paragraph 87, p. 94:

"The subject in an Act can be no broader than
the statement of it in the title. --- It is required
not only that an Act shall contain but one subject,
but that that subject be expressed in the title.
The title, thus made a part of each Act, must agree

Honorable Shelburne H. Glover, Page 5

with it by expressing its subject; the title will
fix bounds to the purview, for it cannot exceed the
title-subject nor be contrary to it. An Act will
not be so construed as to extend its operation beyond
the purpose expressed in the title. It is not enough
that the Act embraces but a single subject or object,
and that all its parts are germane; the title must
express that subject, and comprehensively enough to
include all the provisions in the body of the Act.
The unity and compass of the subject must, therefore,
always be considered with reference to both title and
purview. . . . The title cannot be enlarged by con-
struction when too narrow to cover all the provisions
in the enacting part, nor can the purview be contracted
by construction to fit the title; but the title, if not
delusively general, may be sufficient though more ex-
tensive than the purview."

These principles are expressed in Texas Jurisprudence,
Vol. 39, paragraph 46, 47, pages 99, 100,101:

"On the other hand, when the title is too narrow
or restrictive to cover the body of the Act, the Act
is void, at least as to any part that is not embraced
in the title. . . . Whether a title is comprehensive
or restricted, expressed in general terms or with parti-
cularity, it must be in agreement and conformity and not
at variance with the subject of the legislation. In
other words, the title and the body of the Act must deal
with the same subject-matter and manifest the same legis-
lative intent and purpose. . . .

"Obviously a misleading title does not comply with
the constitutional requirements, and the Act of which it
is a part or the provisions therein with which it is at
variance, is invalid on the ground that its subject is
not expressed in the title."

The case of Sutherland v. Board of Trustees, 261 S. W.
489 (error refused) demonstrates the reasoning of the court re-
garding a misleading title:

"The true test to be applied in cases of this
character is: Does the title fairly give notice
by its recitals to all persons concerned, of the sub-
ject-matter of the Act? If by its title it appears
to affect only the residents of particularly designated
localities, while the provisions in the body of the

Honorable Shelburne H. Glover, Page 6

> bill affect other localities or territory, then the title is misleading and unconstitutional, insofar as it affects the unnamed places . . . ."

It is apparent, also, that there can be no segregation or striking out of any provision of Article 1137l whereby it may be upheld in part. Moreover, were the body of the Act narrowed to make unlawful the sale in Texas of goods manufactured by convicts out of Texas, in conformity with the caption, the Act so limited would be discriminatory legislation and violative of the Constitution of the United States. Whitfield v. State, 56 Sup. Ct. 532, 297 U. S. 431, 80 L. Ed. 778.

Accordingly you are advised that it is the opinion of this department that Article 1137l of the Penal Code of Texas is unconstitutional, whereupon a construction of its provisions becomes unnecessary.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:BBB

APPROVED SEP 9, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN